# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. _____

EWC Franchise, LLC, a successor-in-interest to EWC Franchise Group, Inc.,

    Plaintiff,

vs.

DOC Development, LLC,

    Defendant.

_____/

## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff, EWC Franchise, LLC, a successor-in-interest to EWC Franchise Group, Inc. ("EWC"), hereby petitions this Court to Confirm an Arbitration Award pursuant to 9 U.S.C. §§ 1-16, and states:

### Summary of Petition

1. This petition is filed pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), to confirm the Final Arbitration Award dated December 3, 2019 (the "Final Award") issued by the one-person arbitration panel sitting in Fort Lauderdale, Florida.

### Parties and Jurisdiction

2. Plaintiff, EWC, is a Florida limited liability company with its principal place of business in Hallandale Beach, Florida.

3. Defendant, DOC Development, LLC ("DOC"), is a Texas limited liability company with its principal place of business in Midland, Texas. DOC is owned and controlled by Dr. George Y. Lohmann.

4. This Court has jurisdiction over this petition pursuant to 28 U.S.C. § 1332, as complete diversity exists between EWC and DOC, and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), 9 U.S.C. § 9, and the parties' Arbitration Agreement.

**Facts**

6. EWC and DOC were parties to the Area Representative Agreement (the "ARA") whereby DOC was to provide various services to EWC's franchisees. A copy of the ARA is attached hereto as **Exhibit "A."**

7. Section 22.7 of the ARA, entitled "Arbitration," provides that "all disputes arising out of or relating to this Agreement or to any other agreements between the parties" would be settled by binding arbitration conducted "in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect." Ex. A at § 22.7.

8. Section 22.7 provides: "This Agreement evidences a transaction involving commerce and, therefore, the Federal Arbitration Act, Title 9 of the United States Code is applicable to the subject matter contained herein." Ex. A at § 22.7. Section 22.7 further provides that "The decision of the arbitrator shall be final and binding upon the parties. Judgment upon the award rendered by the arbitrator may be entered in any court having personal and subject matter jurisdiction." *Id.*

9. On March 29, 2018, DOC filed its arbitration demand with the American Arbitration Association after a failed attempt to obtain injunctive relief in federal court to prevent the termination of the ARA. *See DOC Development, LLC v. EWC Franchise Group, Inc.*, Case 1:18-cv-21092-CMA, [DE 24] (S.D. Fla. 2018). In its arbitration demand, DOC brought claims

for alleged breach of contract and related equitable/tort claims, all of which relate to EWC's termination of the ARA.

10. A final hearing was held in 2019 during which the parties presented evidence, including documentary evidence and witness testimony, in support of their respective positions.

11. An Interim Award was entered by the presiding arbitrator, Glenn J. Waldman (the "Arbitrator"), which found that EWC was the prevailing party on all issues of liability and was entitled to remuneration of certain attorneys' fees and costs pursuant to the ARA. Attached as **Exhibit "B"** is a copy of the Interim Award.

12. The Final Award was entered by the Arbitrator on December 3, 2019. A copy of the Final Award is attached hereto as **Exhibit "C."**

13. The Final Award provides that EWC shall recover from DOC the amount of $490,082.38 in attorneys' fees and $73,573.35 in costs. Ex. C at p. 3.

## Memorandum of Law

14. Section 9 of the FAA provides that, upon application of any party to the arbitration, the court **must** confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the FAA. 9 U.S.C. § 9 (emphasis added).

15. There is a presumption under the FAA that arbitration awards will be confirmed, and "federal courts should defer to an arbitrator's decision whenever possible." *B.L. Harbert International, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1322 (11th Cir. 2010).

16.    The Arbitrator's Final Award was made in accordance with the terms and provisions of the parties' ARA and is in all respects proper. No application has been made to the Arbitrator for modification or correction of the Final Award.

17.    Because none of the grounds to vacate, modify or correct the Final Award as set forth in 9 U.S.C. §§ 10-11 exist, confirmation of the Final Award is appropriate.

18.    This petition is timely pursuant to 9 U.S.C. § 9 because it is filed within one year after the Final Award was entered on December 3, 2019.

19.    EWC requests the recovery of its attorneys' fees and costs incurred in seeking confirmation of the award pursuant to the Federal Arbitration Act, the Florida Arbitration Act, the ARA, and all other applicable contracts or statutes.

## Conclusion

20.    For the foregoing reasons, the Court should exercise its authority under the FAA and enter an order confirming the Final Award and entering final judgment against DOC.

WHEREFORE, Plaintiff, EWC Franchise, LLC, respectfully requests that this Court (1) enter an order confirming the Final Award in accordance with 9 U.S.C. § 9; (2) direct the clerk of this Court to enter final judgment in favor of EWC and against Defendant, DOC Development, LLC, in accordance with the Final Award plus all attorneys' fees, costs, and interest as permitted under applicable law; and (3) enter all other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: January 7, 2020

**Roger W. Feicht**
Roger W. Feicht (Florida Bar No. 84982)
Email: RFeicht@gunster.com
Joseph G. Santoro (Florida Bar No.: 150649)
Email: JSantoro@gunster.com
Gunster, Yoakley & Stewart, P.A.

777 S. Flagler Drive, Suite 500 East<br>
West Palm Beach, FL 33401<br>
Telephone: 561-655-1980<br>
Facsimile: 561-655-5677<br>
*Counsel for EWC Franchise, LLC*

ACTIVE 11449180.1