**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**



In the Matter of the Arbitration between

DOC DEVELOPMENT, LLC,

    Claimant,

v.

EWC Franchise, LLC, a successor-in-interest to
EWC Franchise Group, Inc.,

    Respondent.
_____/

Case Number: Case No. 01-18-0001-3161

## FINAL AWARD OF ARBITRATOR

I, **GLENN J. WALDMAN**, the undersigned Arbitrator of the American Arbitration Association, having been designated in accordance with the ¶22.7 of the parties' Area Representative Agreement, dated March 24, 2010 ("ARA"), issued an Interim Award on October 16, 2019 which found, *inter alia*, that Respondent, EWC, (i) is the prevailing party in this proceeding on all issues of liability and (ii) is entitled to remuneration of certain attorneys' fees and costs under and pursuant to ¶23 of the ARA - - which provides, in pertinent part, that ". . . *the successful or prevailing party will be entitled to recover attorneys' fees, investigative fees, administrative fees billed by such party's attorneys, court costs and all expenses, including without limitation, all fees, taxes, costs and expenses incident to arbitration . . . incurred by the successful or prevailing party in that action or proceeding.*" On November 5, 2019, Respondent, EWC, filed its (i) Motion for Determination of the Amount of Fees and Costs Awarded Against Claimant, DOC (the "Motion"), with (ii) 91 pages of invoices of fees and costs,[1] (iii) law firm biographies of the primary attorneys for

---

[1] The invoices span the period of March 2018 through October 2019.

EWC in this matter, and a paralegal (Tammi Boske), and 96 pages of various costs invoices. In response to the Motion, Claimant, DOC, filed its Opposition to EWC's Attorney's Fees Request on November 22, 2019 (the "Opposition"), and a detailed annotation of the specific entries to which DOC objected.

As was the case between the parties throughout these proceedings in terms of their polar opposite positions, so it is true again here as the Motions seeks attorneys' and paralegals' fees in the combined amount of $576,567.50[2] and all expenses and costs EWC incurred in the amount of $98,713.13[3] - - while the Opposition asserts that "EWC is entitled to no attorney's fees."[4]

The Arbitrator has independently and carefully analyzed all of the submitted invoices as to attorneys' fees lodestar under the requirements of *R. Reg. Fla. Bar* 4-1.5, and find them to

---

[2] This sum includes $54,479 for Ms. Boske's 188 hours at an approximate rate of $290/hour, and another 84.6 hours of other timekeepers at a blended rate of approximately $343/hour.

[3] DOC's Opposition does not address EWC's requested expenses and costs. Nevertheless, the Arbitrator adjusts those expenses and costs by applying the advisory principles set forth in *In re Amendments to Uniform Guidelines for Taxation of Costs*, 915 So.2d 612 (Fla. 2005)(the "*Uniform Guidelines*").

[4] DOC posits that EWC is entitled to no fees because (i) EWC presented no proof – or even any contention – that the fees set forth in the attorney's time records were paid in part or in whole by EWC (and, although unnecessary, was countered by EWC's counsel, Mr. Santoro, in a post-brief e-mail dated November 25, 2019 ("Of course our client paid all of the invoices for the fees and costs we are seeking, and we would be pleased to provide that documentation."); (ii) EWC failed to show that the attorney's fees were expended on the contracts claim, as fees are provided only for 'enforcement' of the ARA; (iii) EWC failed to meet its legal burden on attorney's fees, this time by failing to affirmatively explain how, if at all, its individual entries are sufficiently reasonable; and (iv) the time records attached to the EWC's Motion were almost all insufficiently specific under relevant case law. Notwithstanding these positions, DOC concludes that EWC should, at most, ". . . be awarded only 10% of its attorney's fees request, a fraction of its requested fees and costs, marked down as follows: (1) 60% based on the 'contract enforcement only' aspect of the attorney's fees provision (*footnote omitted*); (2) another 10% for duplicative time; and (3) 20% for the use of too many attorneys.

be reasonable as to the applicable rates and hours incurred, to the extent set forth herein.[5] In this regard, EWC's attorneys' fees were reduced from $576,567.50 to in order to equitably adjust for certain of DOC's arguments, n. 4, §§(ii-iv), *supra*. These include DOC's various claims of hourly work which were allegedly "excessive," "duplicative," "unclear," and/or "redundant." A significant amount of DOC's objections was bottomed in the involvement of more than one attorney (and the use of paralegals) during the final hearing.[6] While the Arbitrator does not necessarily ascribe merit to such criticisms of the entries identified by DOC, nevertheless the Arbitrator exercises a modicum of discretion in order to credit certain of these objections. Thus, the award of attorneys' fees to EWC is reduced to $490,082.38.

Notwithstanding the broad language of the ARA as it relates to the taxation of costs, the Arbitrator has also independently reviewed and analyzed said invoices as to costs under the requirements of the *Uniform Guidelines* and find them to be taxable, to the extent set forth herein. In this regard, EWC's schedule of "Disbursements" was reduced from $98,713.13 to $73,573.35[7] in order to disallow reimbursements for non-taxable items such as Brightline, Lyft, Mileage and other ground travel, airline travel, hotel charges, meals, delivery charges, telephone, postage, imaging, computer research and 50% of the September 26, 2019 expense of $32,592.57 to adjust for the expert's "preparation for" attendance at the arbitration final

---

[5] *See, Toledo v. Vioss Vision, Inc.*, 2019 WL 5689246 (S.D. Fla., October 31, 2019)(Goodman, M.J.)("Florida has adopted the federal "lodestar" approach to calculating attorney's fees awards. Fla. Patient's *Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. *Id.* at 1151. The court must separately consider the reasonableness of the hourly rate and the number of hours expended. *Id.* at 1150-51.").

[6] This objection, alone, would account for an approximate downward adjustment of $50,000.

[7] This amount includes the final compensation of the Arbitrator.

hearing.

In addition to the matter of the final Award of attorneys' fees and taxable costs, the administrative fees and expenses of the American Arbitration Association and the compensation and expenses of the Arbitrator shall be borne by Claimant, DOC, as is reflected in the award of expenses, *supra*.

This Final Award is in full settlement of all claims submitted to this Arbitration.

I, **Glenn J. Waldman**, do hereby affirm upon my oath as Arbitrator, that I am the individual described in and who executed this instrument which is my Final Award.

DATED: December 3, 2019

_____
GLENN J. WALDMAN, ARBITRATOR