UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-60035-SMITH/VALLE

EWC Franchise, LLC, *a Successor-in-Interest to EWC Franchise Group, Inc.*,

    Plaintiff,

v.

DOC Development, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff EWC Franchise, LLC's Motion for Attorney Fees (ECF No. 27) (the "Motion"). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. (ECF Nos. 24, 25). Defendant does not oppose the Motion. *See* (ECF No. 28) (Notice of Non-Opposition).

Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiff be awarded a total of $17,995 in fees and $535.80 in costs.

## I.    BACKGROUND

Plaintiff EWC, as successor-in-interest to EWC Franchise Group, Inc., obtained an arbitration award in its favor, which award the District Court subsequently affirmed.[1] *See* (ECF No. 24). In the Order Affirming Arbitration, Judge Smith found that Plaintiff was entitled to its reasonable attorneys' fees and costs under Section 23 of the operative Agreement between the parties. *Id.* at 6-7. The

---

[1] The underlying facts are summarized in the District Court's Order Affirming Arbitration Award and are incorporated herein. *See* (ECF No. 24).

instant Motion followed. In the Motion, Plaintiff seeks to recover $23,138[2] in attorneys' fees and $535.80 in costs incurred in confirming the arbitration award. *See generally* (ECF No. 27).

## II. LEGAL STANDARDS AND ANALYSIS

### A.   Entitlement to Fees and Costs Generally

Under the "American Rule," each party must pay its own attorneys' fees, unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract). Here, the District Judge has already determined that Plaintiff is entitled to recover its fees and costs pursuant to the Agreement between the parties. (ECF No. 24 at 7). Thus, this Order addresses only the reasonableness of the fees and costs requested.

### B.   The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an

---

[2] The total attorneys' fee is based on $8,260 for attorney Santoro, $8,541 for attorney Feicht, $422.50 for attorney Gordon, $385 for attorney Plummer, and $5,529.50 for paralegal Boske. (ECF No. 27-1 at 3).

adequate amount is awarded." *Id.* at 428.  When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

    **1.**     **Reasonable Hourly Rates**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)).  The relevant market is "the place where the case is filed."  *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida.  Plaintiff seeks an award for legal services by attorneys Joseph G. Santoro, Roger W. Feicht, Nalani Gordon, Meredith B. Plummer, and paralegal Tammi A. Boske, from the law firm Gunster, Yoakley & Stewart, P.A. ("Gunster").  *See* (ECF No. 27-1 at 3-14).

Attorney Santoro is a shareholder at Gunster.  *Id*. at 8.  He is the chair of the firm's Labor & Employment practice group and also serves in the firm's Office of General Counsel for employment.  *Id.*  Attorney Santoro is a 1998 graduate of Nova Southeastern University School of Law.  *Id.* at 9.  Attorney Santoro was the primary attorney in the underlying arbitration and was also involved in the instant proceedings to confirm the arbitration award.  *Id.* at 4.  Attorney Santoro billed at an hourly rate of $575 (for 2019) and $600 (for 2020) for his work on the case.  *Id.* at 3.

Attorney Feicht is also a shareholder at Gunster and was the primary attorney handling the petition to confirm the arbitration award. *Id.* at 2. Attorney Feicht is a 2010 graduate of Vanderbilt University Law School, and specializes in labor and employment law and business litigation. *Id.* at 6, 7. Attorney Feicht has received an AV Preeminent rating from Martindale-Hubbell and has been recognized numerous times as a "Rising Star" by Florida *Super Lawyers* (2016-20). *Id.* at 6. Attorney Feicht billed at an hourly rate of $445 (for 2019) and $470 (for 2020) for his work on this case. *Id.* at 3.

Attorney Gordon is an associate at Gunster, working in the areas of labor and employment, business litigation, and eminent domain actions. *Id.* at 10. Attorney Gordon is a 2018 graduate of University of Miami School of Law, and had been practicing for only one year in 2019 when she worked on this case. *Id.* at 10, 11. Attorney Gordon conducted legal research in connection with the action to confirm the arbitration award and billed at an hourly rate of $325 for her work on this case. *Id.* at 3-4.

Attorney Plummer is an associate at Gunster, practicing in the areas of labor and employment law and dispute resolution. *Id*. at 12. Attorney Plummer is a 2011 graduate of Liberty University School of Law, and is a former prosecutor. *Id.* at 12. Attorney Plummer helped defend against DOC's Motion to Vacate by reviewing the arbitration transcript to find support for Plaintiff's position before the District Judge. *Id*. at 4. Attorney Plummer billed at an hourly rate of $350 for her work on this case in 2020. *Id.* at 3.

Tammi Boske is a Florida registered paralegal and an Advanced Certified Paralegal in Trial Practice. *Id.* at 14. Ms. Boske earned her B.A. from Wright State University and has more than 30 years' experience as a paralegal. *Id*. at 14. Ms. Boske worked on the filings, prepared and compiled exhibits, worked on proposed orders for the Court, and researched and coordinated issues regarding

out-of-state service of process. *Id.* at 4. Ms. Boske billed at an hourly rate of $290 (for 2019) and $305 (for 2020) for her work on this case. *Id.* at 3.

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[3]

The Court has considered the relevant *Johnson* factors, and has reviewed attorney Feicht's affidavit, the time records, and counsel's Notice of Previously Awarded Fees and Costs. *See* (ECF Nos. 27, 27-1, 31); *see also Kim Peter Tillman v. Advanced Public Safety Inc. and Trimble, Inc.*, No. 15-CV-81782-MARRA/MATTHEWMAN (S.D. Fla. Nov. 2, 2018) (ECF No. 303).[4]

As noted above, the hourly rates for attorneys Feicht and Santoro and paralegal Boske increased from 2019 to 2020. (ECF No. 27-1 at 3). Although it is reasonable for a firm to increase its billing rates to reflect changes in "the local legal market, inflation, and the development of experience by [its] attorneys and paralegals over the years," (ECF No. 31 at 2), the undersigned nonetheless finds that the claimed rates are substantially higher than the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience,

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

[4] In *Tillman*, U.S. Magistrate Judge William Matthewman reduced the requested hourly rates and awarded the following rates to the same attorneys as in this case: $400 to attorney Santoro; $375 to attorney Feicht; $225 to attorney Plummer; and $175 to paralegal Boske. Notably, the award covered work performed by the lawyers and paralegal during 2016, 2017, and 2018. (ECF No. 31 at 2).

and reputation. Thus, based on a review of the record, the qualifications of the various attorneys and paralegal, the nature of the case, the work performed, and the undersigned's knowledge and experience, the undersigned recommends that the rates be reduced as follows: (i) $525 (for 2019) and $550 (for 2020) for attorney Santoro; (ii) $400 (for 2019) and $425 (for 2020) for attorney Feicht; (iii) $325 for attorney Plummer; (iv) $250 for attorney Gordon; and (v) $200 (for 2019) and $225 (for 2020) for paralegal Boske. Accordingly, the undersigned recommends that counsel be compensated at those reduced rates.

### 2. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The Court has reviewed counsel's billing records. *See* (ECF No. 27-1 at 15-29). Counsel have spent a total of 52.9 hours in this action, which required the preparation of the Petition (ECF No. 1), Summons (ECF No. 3), Response to the Motion to Vacate and Cross-Motion to Confirm the

6

Arbitration (ECF No. 17), and Reply to the Response to the Cross-Motion to Confirm the Arbitration (ECF No. 23).  The Court finds that the hours billed are generally reasonable.

That said, however, the undersigned finds that an adjustment is nonetheless necessary to account for certain billing inefficiencies.  First, although there is nothing inherently unreasonable about a client having more than one lawyer or having an attorney review and revise his or her colleague's work, a fee applicant bears the burden of establishing that billed time reflects distinct contributions by each lawyer.  *See ACLU,* 168 F.3d at 437.  While attorney Santoro's and Feicht's time entries are generally reasonable, attorney Feicht is sufficiently experienced to manage his work without significant oversight and review by attorney Santoro.  *See, e.g.*, (ECF No. 27-1 at 16, 17, 20) (Feicht time entries for 12/12/19, 12/23/19, 1/6/20 billing for conferrals with attorney Santoro regarding confirmation of arbitration award).

In addition, many of the billing entries are vague and preclude meaningful review by this Court.  *See, e.g.*, (ECF No. 27-1 at 21) (1/22/20 entry for 0.6 hours for "follow-up on services [sic] issues and motion to confirm award); (*Id.* at 24) (2/7/20 entry for 0.4 hours for "review court filing and emails and attention to same."); (*Id.*) (2/25/20 entry for 0.5 hours to "review correspondence from opposing counsel; email to client re update.").  Because of the vagueness of these entries, the undersigned cannot determine the reasonableness or relatedness of the hours or work claimed.  "A court may deduct hours from the time billed if it finds that the billing entries are either unacceptably vague or so heavily redacted that it cannot discern the legal services provided." *Meyrowitz v. Brendel*, No. 16-81793-CV-MARRA/MATTHEWMAN, 2018 WL 4440492, at *6 (S.D. Fla. Sept. 17, 2018) (citing *Tiara Condo. Ass'n Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1367 (S.D. Fla. 2010)); *see also Bujanowski v. Kocontes,* No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) (noting that a time entry may be discounted where the description of the work performed is overly vague).

Additionally, counsel's billing records include several instances of "block billing," which is the practice of including multiple distinct tasks within the same time entry. *See, e.g.*, (ECF No. 27-1 at 25) (2/26/20 entry for 1.4 hours for "[r]eview and analysis of Petition to Vacation Award; work with Attorney R. Feicht re response to same; emails to client"); (*Id.*) (2/27/2020 entry for 1.2 hours for "[r]eview court order; work on response to motion to vacate; review Amended Motion to Admit Pro Hac Vice."); *see also Bujanowski*, 2009 WL 1564263, at *2. While the undersigned does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *See Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *15 (S.D. Fla. July 15, 2011). Because of counsel's block billing, however, it is impossible for the undersigned "to ascertain how much time was spent on each task." *Dial HD, Inc. v. Clearone Comm'n, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013).

Lastly, a reduction is also warranted to account for time spent in the performance of non-legal administrative and clerical tasks. *Oreilly v. Art of Freedom Inc.,* No. 17-CV-21251, 2018 WL 6616445, at *4 (S.D. Fla. Dec. 14, 2018) (holding that "fees incurred in commission of non-legal or administrative tasks are not compensable."). Here, the billing records contain entries reflecting clerical and administrative tasks. *See, e.g.*, (ECF No. 27-1 at 4, 27) (3/5/2020 entry for 0.4 hours by attorney Plummer for "[r]review order and transcript in preparation for response to motion to vacate," which is further described in counsel's supporting affidavit as "finding portions of the transcript … providing there was no basis to vacate the arbitration awards."); (ECF No. 27-1 at 20) (1/6/20 entry for 0.1 hour by attorney Feicht for "work on civil cover sheet and service forms."). "An applicant for attorney's fees 'is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks [that] were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment.'" *Celestine v. JP Morgan Chase Bank, N.A.*, No. 17-CV-20915,

8

2018 WL 6812675, at *6 (S.D. Fla. Oct. 24, 2018) (citing *Tiramisu Int'l LLC v. Clever Imports, LLC*, 741 F. Supp. 2d 1279, 1297 (S.D. Fla. 2010)).

For the foregoing reasons, the undersigned concludes that a reduction in the number of hours expended is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 10% reduction to the lodestar amount to account for counsel's billing inefficiencies. *See, e.g., Ovalle*, 2017 WL 7792719, at *4 (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Rubenstein*, 2015 WL 1470633, at *4-6 (recommending a 30% reduction to counsel's hours for use of block billing); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut).

Consequently, the undersigned recommends that Plaintiff be awarded fees as calculated below:

| **RECOMMENDED FEES** | | | | | |
|---|---|---|---|---|---|
| **Timekeeper and admission to Florida bar** | **Requested Rate** | **Reduced Rate** | **Requested Hours** | **Hours Reduced by 10%** | **Reduced Fees** |
| Santoro, Joseph G. (1998) | $575 (2019) $600 (2020) | $525 (2019) $550 (2020) | 0.8 (2019) 13.0 (2020) | 0.7 (2019) 11.7 (2020) | $367.50 (2019) $6,435 (2020) |
| Feicht, Roger W. (2010) | $445 (2019) $470 (2020) | $400 (2019) $425 (2020) | 2.4 (2019) 15.9 (2020) | 2.2 (2019) 14.3 (2020) | $880 (2019) $6,077.50 (2020) |
| Gordon, Nalani (2018) | $325 (2019) | $250 (2019) | 1.3 (2019 | 1.2 (2019) | $300 (2019) |
| Plummer, Meredith B. (2011) | 350 (2020) | $325 (2020) | 1.1 (2020) | 1.0 (2020) | $325 (2020) |
| Boske, Tammi (paralegal) | $290 (2019) $305 (2020) | $200 (2019) $225 (2020) | 5.5 (2019) 12.9 (2020) | 5.0 (2019) 11.6 (2020) | $1,000 (2019) $2,610 (2020) |
| **TOTALS:** | | | **52.9** | **47.7** | **$17,995.00** |

    **C.    Costs**

In addition to attorney's fees, Section 23 of the parties' Agreement provides for the award of prevailing party investigative fees, administrative fees, court costs, and all expenses, "including, without limitation, all fees, taxes, costs, and expenses incident to arbitration, appellate, and post-judgment proceedings, incurred by the successful or prevailing party in that action or proceeding." (ECF No. 1-3 at 50).

Moreover, the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute or contract. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987); *see Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, No. 08-80164-CIV-MARRA, 2008 WL 6128747, at *2 (S.D. Fla. Nov. 24, 2008). Here, Plaintiff requests reimbursement for $535.80 in costs. (ECF No. 27-1 at 3). This amount includes $400 in filing fees and $135.80 for U.S. Marshal's fees for service of process. (ECF Nos. 27 at 7, 27-1 at 22, 25.)

    **1.    Clerk Costs**

Pursuant to 28 U.S.C. § 1920(1), Plaintiff is entitled to recover $400 for the cost of filing the Petition to Confirm Arbitration Award. (ECF Nos. 27 at 6, 27-1 at 25); *see also* (ECF No. 1).

    **2.    Service of Process**

28 U.S.C. § 1920(1) also permits the award of fees for service of process. Here, Plaintiff requests $135.80 for service of process by the United Sates Marshals Service for personal service of process of the Petition on Defendant in Texas. (ECF Nos. 27 ¶ 25; 27-1 at 3, 22).

Pursuant to 28 U.S. C. § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. Here, Plaintiff requests $135.80 for service of process by the U.S. Marshal. (ECF Nos. 27 ¶ 25; 27-1 at 22). While Plaintiff did not submit a detailed invoice showing the time expended to effect service or any related costs, the documentation indicates that service was effected by the U.S. Marshal. (ECF

Nos. 27 ¶ 25, 27-1 at 22).  The fees of the U.S. Marshal for service of process are recoverable under 28 U.S.C. §§ 1920(1), 1921.

In sum, Section 23 of the parties' Agreement provides that the prevailing party is entitled, "*without limitation, [to] all fees, taxes, costs, and expenses* incident to arbitration, appellate, and post-judgment proceedings, incurred by the successful or prevailing."  (ECF No. 27 ¶ 24) (emphasis added); *see also Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, No. 08-80164-CIV, 2008 WL 6128747, at *4 (S.D. Fla. Nov. 24, 2008) (finding that contractual language providing that "prevailing party shall be entitled to recover all costs incurred, including reasonable attorneys' fees, through and including all appellate levels" did not include " any express or implied limitations" and was intended to cover costs beyond those recoverable under § 1920).  Here, the Agreement contained no limitation on recoverable costs.  Thus, the undersigned finds that Plaintiff should be awarded a total of $535.80 in costs.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Attorney Fees (ECF No. 27) be **GRANTED IN PART**. Plaintiff should be awarded a total of $17,995 in fees and $535.80 in costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 23, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
   All Counsel of Record